## J. R. BURNS v. THE TOWN OF LA GRANGE.

The defendant in a prosecution before the Mayor of a town, for violating an ordinance of the town, is entitled under the Constitution, (Art. 4, Sec. 19,) to a trial by jury.

The proceedings of a Mayor's Court in a prosecution for the violation of a town ordinance, are examinable on *certiorari* from the District Court ; but it would seem that the prosecution is not triable *de novo.*

Quere, whether a defendant who has been convicted and punished before a Justice of the Peace, for an assault and battery, can be tried and punished in a Mayor's Court, for the same act, under an ordinance of the town.

Appeal from Fayette.   Tried below before the Hon. John Hancock.

*J. R. Burns*, for appellant cited Town of Raleigh v. Daugherty, 3 Hum. 11 ;  1 Bay, R. 389 ;  1 Bac. 504 ;  2 P. Wms. 209, to the point that the corporation had no power to pass ordinances for the punishment of ordinary offences.   And 3 Story, Com. Con. p. 652–4 ; Mag. Chart. ch. 29 ; 2 Just. 45 ; 3 Black. Com. 349 ;  1 Bay, R. 389, to the point that the appellant was entitled to a trial by a jury.

*J. T. Harcourt*, for appellee.   The plea of *autre fois convict* cannot avail the appellant, because the same act constitutes two offences.   (State v. Yancy, Car. L. R. 519 ; Whart. Am. Cr. Law, 192 ; Opinions of Atty. Gen. U. S. 2, 958.)

The provision of the charter is not in conflict with the constitutional right of trial by jury, as that right can only attach where " the life, the liberty, the personal safety of the citizen are immediately brought into jeopardy."   The doctrine that such a summary conviction is not an infringement of the right

of trial by jury, is as old as the law itself.    (Black. Com., 2 Vol., p. 281.)

LIPSCOMB, J.   The appellant was tried before a Justice of the Peace in the town of La Grange, for an assault and battery committed within the corporate limits of the said town, and fined twenty dollars with cost, which he paid and received the certificate of the Justice of such fine and payment.   On the next day, he was brought before the Mayor of the town, and tried for the same assault and battery, under an ordinance for the punishment of assaults and battery, on which trial he offered in bar the certificate of the Justice of the Peace, which defence was overruled ; and he then demanded a trial by jury, which was refused, and he was fined thirty dollars.   The case was taken by *certiorari* to the District Court, which Court dismissed the *certiorari*, on demurrer ;  from which judgment the appellant appealed.

The Charter of the corporation of the town of La Grange provides " that the Mayor shall, in a summary way, try all " offences against the laws passed by the Council, without a " jury, give judgment and issue execution for the same."   And it is admitted that by an ordinance of the city, the Mayor was authorized to impose a fine not exceeding thirty dollars for an assault and battery committed within the corporate limits of the said town.

The main question for our consideration is the constitutionality of that part of the Charter of the town of La Grange, cited above.   The 19th Section of Article 4 of the Constitution of the State is in the following words, i. e.:  " In all cases where " Justices of the Peace or other judicial officers of inferior tri-" bunals shall have jurisdiction in the trial of causes, where " the penalty for the violation of a law is fine and imprison-" ment (except in cases of contempt) the accused shall have the " right of trial by jury."   We do not believe it will admit of a doubt, that the powers intended to be conferred by the por-

tion of the Charter referred to, are of a judicial character; and that it was an inferior tribunal, there can be as little doubt. We therefore believe that it was unconstitutional and void. And the judgment is reversed and the cause ordered to be dismissed at the cost of the corporation. We say nothing about the legality of two fines for the same assault and battery.

Reversed and dismissed.